IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| MOHAMMAD A. HALLOUM. | Civ. No. 6:25-cv-01704-AA |
| Plaintiff, | **OPINION & ORDER** |
| v. | |
| 60'S DINER AND RESTAURANT LLC; DAVID EMAMI; DIANA EMAMI; BARRINGTON MANAGEMENT, | |
| Defendants. | |

AIKEN, District Judge.

Self-represented Plaintiff Mohammad A. Halloum seeks leave to proceed *in forma pauperis* ("IFP") in this action. ECF Nos. 2, 6. For the reasons set forth below, Plaintiff's IFP application is GRANTED. However, for the reasons set forth below, the Amended Complaint, ECF No. 5, is DISMISSED with leave to amend. Plaintiff's Motion to Expedite Proceedings, ECF No. 7, is DENIED with leave to refile. Plaintiff shall have thirty days from the date of this Order in which to file a second amended complaint.

**LEGAL STANDARD**

Generally, all parties instituting any civil action in United States District Court must pay a statutory filing fee. 28 U.S.C. § 1914(a). However, the federal IFP statute, 28 U.S.C. § 1915(a)(1), provides indigent litigants an opportunity for

meaningful access to federal courts despite their inability to pay the costs and fees associated with that access. To authorize a litigant to proceed IFP, a court must make two determinations. First, a court must determine whether the litigant is unable to pay the costs of commencing the action. 28 U.S.C. § 1915(a)(1). Second, it must assess whether the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune to such relief. 28 U.S.C. § 1915(e)(2)(B).

With regard to the second of these determinations, district courts have the power under 28 U.S.C. § 1915(e)(2)(B) to screen complaints even before service of the complaint on the defendants and must dismiss a complaint if it fails to state a claim. Courts apply the same standard under 28 U.S.C. § 1915(e)(2)(B) as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive a motion to dismiss under the federal pleading standards, the complaint must include a short and plain statement of the claim and "contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. The court is not required to accept legal conclusions, unsupported by alleged facts, as true. *Id*.

*Pro se* pleadings are held to less stringent standards than pleadings by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). That is, the court should construe pleadings by *pro se* plaintiffs liberally and afford the plaintiffs the benefit of any doubt. *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). Additionally, a *pro se* litigant is entitled to notice of the deficiencies in the complaint and the opportunity to amend, unless the complaint's deficiencies cannot be cured by amendment. *Id.*

## DISCUSSION

When assessing an IFP petition, the Court first must determine whether the plaintiff has made a sufficient showing of indigency. Here, the Court is satisfied with Plaintiff's showing of indigency, ECF No. 6, and the petition will be GRANTED.

The Court has considered the allegations made in the original Complaint, ECF No. 1, and those contained in the Amended Complaint, ECF No. 5. Plaintiff alleges that he was hired by Defendants David Emami and 60's Diner and Restaurant LLC to work as a server and that, despite good performance, he was fired three days later. Plaintiff alleges that he was not provided with the promised hours, that he was subjected to sexual harassment by management, mistreated by management and coworkers, made to serve uncooked food, and retaliated against for complaining of the working conditions and his treatment. Plaintiff seeks to bring claims pursuant to 42 U.S.C. § 12203 and 42 U.S.C. § 3631.

First, 42 U.S.C. § 3631 is a criminal statute and does not provide a private right of action. *See Walker v. City of Lakewood*, 272 F.3d 1114, 1128 (9th Cir. 2001)

(observing that 42 U.S.C. § 3631 is a criminal provision); *Selck v. City of Sacramento*, No. 2:19-cv-0341-JAM-EFB PS, 2020 WL 729413, at *3 (E.D. Cal. Feb. 13, 2020) ("Likewise, 42 U.S.C. § 3631 of the Fair Housing Act is a criminal provision that does not create a private right of action."); *Neal v. Aspen Park Holdings, LLS*, No. 2:17-cv-1098-JAM-EFB PS, 2018 WL 2287949, at *2 (E.D. Cal. May 18, 2018 ("Plaintiff also cannot assert a claim for violation of 42 U.S.C. § 3631 of the Fair Housing Act. That statute is a criminal provision that does not create a private right of action."). Criminal statutes are enforced by prosecuting attorneys, such as the United States Attorney, and generally do not provide private rights of action for citizens like Plaintiff to bring a civil claim. The Court will dismiss Plaintiff's § 3631 claim and, because the defects in this claim cannot be remedied by the allegation of additional facts, dismissal of this claim is with prejudice.

42 U.S.C. § 12203 provides a cause of action for retaliation under the Americans with Disabilities Act ("ADA"), stating: "No person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by this chapter or because such individual made a charge, testified, assisted. or participated in any manner in an investigation, proceeding, or hearing under this chapter." 42 U.S.C. § 12203(a). "To establish a prima facie case of retaliation under the ADA, an employee must show that: (1) he or she engaged in a protected activity; (2) suffered an adverse employment action; and (3) there was a causal link between the two." *Pardi v. Kaiser Foundation Hospitals*, 389 F.3d 840, 849 (9th Cir. 2004).

Here, there is no clear allegation that Plaintiff has engaged in a protected activity under the ADA specifically. *See, e.g., Pardi*, 389 F.3d at 850 ("Pursuing one's rights under the ADA constitutes a protected activity."); *Arnold v. Pfizer*, 970 F. Supp.2d 1106, 1141 (D. Or. 2013) ("A request for reasonable accommodation of a disability qualifies as protected activity under the ADA."). Other than citing to § 12203 as a basis for his claim, the Complaint and Amended Complaint contain no further reference to the ADA or to disability discrimination, although they do discuss other forms of discrimination and retaliation. The Court concludes that, as presently pleaded, the Amended Complaint fails to state a claim for ADA retaliation and so the claim will be dismissed. Because Plaintiff might remedy the defects in his claim by bringing it under some other statute or by alleging additional facts to more clearly make out an ADA retaliation claim under § 12203, dismissal of this claim shall be with leave to amend. Plaintiff shall have thirty days in which to file a second amended complaint. In drafting the second amended complaint, Plaintiff should bear in mind that the pleading must be complete and may not refer back to either the original Complaint or the Amended Complaint.

Although they are not included as separate claims, the Complaint and Amended Complaint refer to wrongful termination, sexual harassment, whistleblowing, negligence, and other state law claims that might be included in an amended complaint. However, because both Plaintiff and the named Defendants are residents of Oregon and, as discussed above, Plaintiff has not stated a claim under a federal statute, this Court cannot exercise jurisdiction over such state law claims.

*See* 28 U.S.C. § 1331 (federal question jurisdiction); 28 U.S.C. § 1332 (diversity jurisdiction); 28 U.S.C. § 1367 (supplemental jurisdiction). Plaintiff would be well advised to consider pursuing his state law claims in the Oregon circuit courts, which possess general jurisdiction over state law claims between Oregon residents.

## CONCLUSION

For the reasons set forth above, Plaintiff's Amended Application for Leave to Proceed IFP, ECF Nos. 2, 6, is GRANTED, but the Amended Complaint, ECF No. 5, is DISMISSED without service on Defendants. Dismissal is with leave to amend unless specifically noted above. Plaintiff shall have thirty (30) days from the date of this Order in which to file an amended complaint. Plaintiff is advised that he may not replead any claim that has been dismissed with prejudice or without leave to amend. Plaintiff is further advised that failure to file an amended complaint within the allotted time will result in a judgment of dismissal without further notice. Because Plaintiff's Amended Complaint has been dismissed, the Court DENIES Plaintiff's Motion to Expedite Proceedings, ECF No. 7, with leave to refile.

It is so ORDERED and DATED this ___8th___ day of October 2025.

                                                 /s/Ann Aiken
                                                 ANN AIKEN
                                                 United States District Judge